IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOSE LOPEZ VILLARREAL, #1003491 | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-03-251 |
| | § | |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| OF TDCJ-CID | § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Petition for a Writ of Habeas Corpus by a Person in State Custody" filed by Jose Lopez Villarreal, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent has filed a Supplemental Motion for Summary Judgment, and Petitioner has responded. Having carefully considered the Petition, the parties' motions and briefs, and the state records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to two judgments entered in the 23rd District Court of Brazoria County, Texas on August 16, 2000. Petitioner was indicted for two first degree offenses of aggravated sexual assault of a child, found guilty by a jury, and sentenced to two concurrent terms of forty years imprisonment (Cause Nos. 36,556 and 36,557).

1

Petitioner's conviction was upheld on direct appeal, though no Petition for Discretionary Review ("PDR") was filed.

Petitioner filed a state habeas application on his conviction in Cause No. 36,557 on February 14, 2002; a second habeas writ challenging the conviction in Cause No. 36,556 was filed in state court on February 25, 2002. Both writs were filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure. The Texas Court of Criminal Appeals denied both writs without written order on the findings of the trial court on April 24, 2002. Petitioner filed two additional writs on his convictions on January 16, 2003, both of which were dismissed on March 5, 2003, as successive petitions. Petitioner subsequently filed the instant federal habeas writ. The District Court earlier dismissed Petitioner's challenge to his conviction in Cause No. 36,556 as untimely.

## Discussion

The State now challenges the merits of Petitioner's remaining claims related to Cause No. 36,557. Petitioner alleges twenty-five grounds of relief:

1.      There is newly discovered evidence;

2.      He has not received state court records;

3.      There is erroneous information in the record;

4.      A hearing is required;

5.      DNA testing is required;

6.      The indictment is defective;

7.      The conviction is void;

8.-9.   His right against double jeopardy has been violated on two separate grounds;

2

10.    The grand jury was improper;

11.    The jury charge was improper;

12.    There was insufficient evidence to support the conviction;

13.    The sentence was excessive;

14.    The witnesses incorrectly used writings that were not admitted into evidence;

15.    He was denied the use of a co-defendant's statements;

16.    Prosecutorial misconduct exists because he was not provided exculpatory evidence;

17.    The prosecutor used perjured testimony;

18.    The prosecutor used false testimony;

19.    There is a violation of Texas Penal Code Section 3.01;

20.    There are multiple violations of the Texas Code of Criminal Procedure;

21.    He was denied effective assistance of appellate counsel;

22.    He was denied effective assistance of trial counsel when his attorney failed to: (a) object to hearsay evidence; (b) object to inadmissible evidence; (c) present DNA evidence; (d) suppress evidence; and (e) investigate his claim that he was impotent and unable to commit a sexual offense;

23.    He is actually innocent;

24.    There is an "extraneous offense" violation; and

25.    The trial court denied him credit for time already spent in jail.

<u>The Procedural Default Issue</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a prisoner to exhaust his state remedies before seeking habeas relief in federal court. 28 U.S.C. § 2254(b).  In order to satisfy this requirement, a prisoner must present his claims to the state's highest court for review.  *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985).  In Texas, a prisoner who

does not file a PDR must submit his habeas claims to the Texas Court of Criminal Appeals through Article 11.07 of the Texas Code of Criminal Procedure.   In this case, Petitioner failed to submit grounds 1-11, 13-21, 22(b), 22(d), 22(e) or 23-25 in his first Article 11.07 writ.  *See Ex parte Villarreal*, No. 51,996-02.  He did raise them in a subsequently-filed writ, but the Court of Criminal Appeals dismissed it as a successive petition.  *Ex parte Villarreal*, No. 51,996-04; Tex. Code Crim. Proc. Art. 11.07 § 4.

A federal court may not consider the merits of habeas claims if a state court has denied relief due to a procedural default.  *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992).  It is well established that a dismissal of a habeas petition for abuse of the writ constitutes such a procedural default because Texas courts have consistently applied the doctrine to bar subsequent petitions.  *Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1998).  To overcome this bar, Petitioner must demonstrate either cause and prejudice or show that a fundamental miscarriage of justice would result from the Court's failure to consider his claims.  *Sawyer*, 505 U.S. at 339-40; *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).  Petitioner's Response makes no attempt to show either prong of this test, focusing instead exclusively on issues not at stake in this proceeding.  He is therefore barred from seeking relief on them in federal court.

The Court **RECOMMENDS** that Respondent's Motion for Summary Judgment  be **GRANTED** on these issues.

<u>The Insufficient Evidence Issue</u>

Petitioner next contends there is insufficient evidence to sustain his conviction.  On direct appeal, Petitioner claimed that the evidence at trial was factually insufficient to sustain his conviction.  As stated above, however, he did not present this issue to the Court of Criminal Appeals in a PDR.

4

The State argues that the Petition alleges that the evidence was legally insufficient, not that it was factually insufficient, and that the allegation is therefore procedurally barred. Under Texas law, a claim of legal insufficiency is the same as a "no evidence" allegation, while a factual insufficiency claim asserts that the evidence presented at trial was not sufficient to sustain the conviction. *Regan v. Lee*, 879 S.W.2d 133, 135-36 (Tex. App. - Houston [14th Dist.] 1994).

The State's contentions are only partially correct. Petitioner did raise a factual insufficiency issue on direct appeal, and he did not file a PDR. The State interpreted Petitioner's first habeas writ in state court to allege the same factual insufficiency claim raised on direct appeal. *Ex parte Villarreal*, No. 51,996-02 at 19. However, the writ also clearly raised a legal insufficiency claim as its first ground of error. Id. at 12.

Nevertheless, neither claims of legal or factual insufficiency can be raised at this point. Claims of insufficient evidence must be brought in a direct appeal under Texas law and cannot be asserted in an Article 11.07 writ. *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986); *West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996). Petitioner was therefore required to bring the instant issue before the Court of Criminal Appeals through a PDR in order to satisfy the AEDPA's exhaustion requirement. He did not do so, and the claim is unexhausted whether it is interpreted as legal or factual insufficiency. *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001). Since Petitioner cannot now return to state court to file a PDR under Tex. R.App.P. 68.2, his claim is procedurally barred from consideration. *Clark v. State of Texas*, 788 F.2d 309, 310 (5th Cir. 1986); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994); *see also Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002) (*rev. on other grounds*); *Chancellor v. Mississippi*, 129 Fed. Appx. 878 (5th Cir. 2005). As stated above, Petitioner can overcome this bar only by showing cause and prejudice or by demonstrating that a

fundamental miscarriage of justice would occur.  He again fails to make any attempt to respond to the State's argument on this point.

Even if the issue were not barred, Petitioner has shown no reason why the appellate court reached a decision that was contrary to, or involved an unreasonable application of, clearly established law or in what way the court's ruling was based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d).  The appellate court summarized the factual background as follows:

> Villarreal's granddaughter [the victim] . . . who was thirteen years of age at the time of trial, reported to police detectives that when her parents left for the morning paper route, Villarreal would come into her room and molest her.  [She] told police the molestation had occurred repeatedly since the time she was seven or eight years old.
> . . . .
> At trial, [the victim] testified Villarreal would stick his "middle part" into her "middle part."  [She] also testified Villarreal would lick her "middle part."  [Her] brother, Lorenzo, recalled an incident where he heard [her] calling for help, and when he entered the room, he saw [her] lying on the bed with her shirt pulled up and her pants pulled down.  Villarreal had his pants down, and Lorenzo saw Villarreal put his finger and penis into [her] "middle part" before Villarreal made him leave the room.  A professional counselor testified [the victim] discussed how Villarreal had shown her pornography, penetrated her digitally and with his penis, and performed oral sex on her.  [Her] medical exam confirmed she had been sexually abused.

*Ex parte Villarreal*, No. 51,966-02 at 23-24.  The appellate court held that the evidence sufficiently supported Petitioner's conviction, and Petitioner has shown no reason why this Court could disagree with the state court.

The Court therefore **RECOMMENDS** that Respondent's Motion for Summary Judgment be **GRANTED** on this point.

The Ineffective Assistance of Counsel Claims

Petitioner next alleges that his trial attorney provided ineffective assistance because he failed to object to hearsay evidence and failed to obtain DNA testing.  Petitioner was entitled to effective

assistance of counsel at trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, a reviewing court must be highly deferential to the trial attorney's conduct and presume that assistance was reasonably effective. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). In order to show that a constitutional violation occurred, Petitioner must do more than merely allege a deficiency; he must demonstrate that his counsel's performance fell outside all bounds of prevailing, objective standards. *Strickland*, 466 U.S. at 688. In addition, he must also show that as a result of his attorney's errors, there is a reasonable probability the result of the trial was different than it would otherwise have been. *Id*. at 694.

Petitioner's claim that his attorney's representation was ineffective because he failed to object to hearsay evidence is without merit. Neither the Petition nor the Response identifies any portion of the trial record that supports this claim. Conclusory allegations without evidence in the record cannot provide a ground for habeas relief. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). This Court's review of the trial record does not reveal any error that could come within the scope of *Strickland*. Even if Petitioner could show such a deficiency, he has provided no reason to believe the trial result would have been different had the attorney objected to the alleged hearsay evidence. As the State argued in the state habeas proceeding, Petitioner was convicted on the testimony of the victim and her brother, who was an eyewitness to the assault. *Ex parte Villarreal*, No. 51,996-02 at 19. This evidence was not hearsay in nature, and Petitioner's *Strickland* claim fails on this issue.

The DNA claim is also without merit. The federal petition fails to state what Petitioner's attorney failed to do in regard to this allegation. At trial and on appeal, however, Petitioner claimed that it was the victim's father who assaulted the victim and that DNA testing would have shown Petitioner to be innocent. Petitioner and his wife testified that he was impotent and was therefore

7

incapable of committing the assault.  As the State pointed out in the state court habeas proceeding, there is no evidence that any samples were collected in this case on which DNA testing could ever have been performed.  Id. at 20.  The state habeas court adopted this fact allegation.  Id. at 67. Petitioner fails to present any evidence to contradict this finding and has consequently failed to show why his attorney's failure to obtain or request DNA testing was constitutionally defective.

The Court therefore **RECOMMENDS** that Respondent's Motion for Summary Judgment be **GRANTED** on the ineffective assistance of counsel claims.

<u>Conclusion</u>

For all the reasons stated above, the Court **RECOMMENDS** that Respondent's Supplemental Motion for Summary Judgment (Instrument No. 24) be **GRANTED** in its entirety and that the Petition for a Writ of Habeas Corpus of Jose Villarreal (Instrument No. 1) be **DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same.  Plaintiff shall have until **August 15, 2005**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  <u>The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>.  **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

8

**DONE** at Galveston, Texas this _____22nd_____ day of July, 2005.

_____
John R. Froeschner
United States Magistrate Judge

9